SAUK COUNTY, a Wisconsin municipal corporation, Plaintiff,

v.

GREDE FOUNDRIES, INC., a Wisconsin corporation, et al., Defendants.

TEEL PLASTICS, INC., a Wisconsin corporation, et al., Defendants and Third Party Plaintiffs,

v.

William BEARD, et al., Third Party Defendants.

No. 90–C–1203.

United States District Court, E.D. Wisconsin.

Oct. 29, 1992.

Steven M. Streck, Axley, Brynelson, Madison, Wis., for Village of Prairie Du Sac.

Barrett J. Corneille, Bell, Metzner, Gierhart, Madison, Wis., for Winn Bartz Trucking.

James E. Bartzen, Boardman, Suhr, Curry & Field, Madison, Wis., for City of Baraboo, Town of Baraboo and Village of West Baraboo.

Richard A. Palumbo, William G. Brueckner, III, Boylan, Brown, Code, Fowler, Randall & Wilson, Rochester, N.Y., for Seneca Foods.

Jeffrey Leavell, Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Racine, Wis., for Sauk County.

Mark L. Krueger, Chiquoine & Krueger, Reedsburg, Wis., for City of Reedsburg and Reedsburg Salvage.

Donald Q. Manning, Clark, McGreevy & Johnson, Rockford, Ill., for Colman AC Motors, Inc.

Clyde C. Cross, Robert Ginther, Cross, Jenks, Mercer & Maffei, Baraboo, Wis., for Flambeau Corp., Seats, Inc. and Humane Mfg.

Jerome Mercer of Cross Jenks, Baraboo, Wis., for third-party Teel Plastics.

Richard W. Cross, Wisconsin Dells, Wis., for Village of Lake Delton.

Peter Ruud, Davis & Kuelthau, S.C., Milwaukee, Wis., for Grede Foundries (plaintiff's counsel, Capwell Berthelsen, entered an appearance as "of counsel" for Deft. Grede Foundries).

William J. Keppel, Dorsey & Whitney, Minneapolis, Minn., for Travelers Indem.

Michael D. Flanagan, Foley & Lardner, Milwaukee, Wis., for Wickes Mfg. and Rayovac.

Edward A. Hannan, Godfrey, Braun & Hayes, Milwaukee, Wis., for American Cas. (co-counsel w/Haskell & Perrin)

James G. Schweitzer, Arthur J. Harrington, Godfrey & Kahn, Milwaukee, Wis., for Sara Lee.

William F. Greenhalgh, Greenhalgh & Hoffman, Baraboo, Wis., for Dell Prairie Printers and Town of Delton.

J. Thomas Haley, Haley Law Office, Madison, Wis., for Universal Die.

Stephen Sonderby, Haskell & Perrin, Chicago, Ill., for American Cas. (co-counsel with Godfrey & Kahn)

Thomas R. Schrimpf, Hinshaw & Culbertson, Milwaukee, Wis., for Teel Plastics (co-counsel w/Cross Jenks).

Norman B. Berger, Peter A. Dauzvardis, Holleb & Coff, Chicago, Ill., for Big Joe Mfg. (co-counsel with Shindell & Shindell)

Jeffrey Schmeckpeper, Kasdorf, Lewis & Swietlik, Milwaukee, Wis., for American Ins. & National Sur. (co-counsel with Rivkin Radler)

Ralph A. Weber, Kravit, Gass & Weber s.c., Milwaukee, Wis., for Travelers Indem. (co-counsel with Dorsey & Whitney)

Linda M. Clifford, Tim Nixon, LaFollette & Sinykin, Sauk City, Wis., for McFarland Mfg. and Baraboo News.

Harry Sauthoff, Jr., Larowe & Gerlach, Madison, Wis., for Deppe Enterprises (Larowe's Reedsburg office represents 3PD Brenner Litho)

Joseph J. Hasler, James P. Gerlach, Larowe & Gerlach, Reedsburg, Wis., for Brenner Litho (Larowe's Madison office represents Deft. Deppe Enterprises)

James A. Olson, Lawton & Cates, Madison, Wis., for Glacier Tool and Meyer Oil.

Kyle B. Mansfield, Foley & Mansfield, Minneapolis, Minn., for Timco Mfg.

Michael J. Cohen, Meissner & Tierney, Milwaukee, Wis., for Roger L. Miller & Dean Labansky.

David V. Meany, Douglas P. Dehler, Michael Best & Friedrich, Milwaukee, Wis., for Gerber Products.

Craig W. Nelson, Nelson, Dries & Zimmerman, Brookfield, Wis., for Regal Tool and Krueger Printing.

Paul J. Pytlik, Otjen, Van Ert, Stangle, Lieb & Weir, Milwaukee, Wis., for Hartford Accident.

Gerald R. Harmon, William P. Croke, Quale, Feldbruegge, Calvelli, Thom & Croke, Milwaukee, Wis., for Industrial Coils.

Dorothy L. Korszen, Quarles & Brady, Milwaukee, Wis., for Neco Hammond.

Joseph D. McDevitt, Borgelt, Powell, Peterson & Frauen, s.c., Milwaukee, Wis., for Town of Reedsburg.

Daniel A. Bartoldus, Rivkin, Radler & Kremer, Uniondale, N.Y., for American Ins. & National Sur. with Kasdorf, Lewis; (Attys. Savino & Gorfinkel of the Rivkin firm represent Deft. Sentry Ins. without Kasdorf, Lewis as co-counsel)

William M. Savino, M. Paul Gorfinkel, Rivkin, Radler & Kremer, Uniondale, N.Y., for Sentry Ins. (co-counsel with Kasdorf, Lewis)

Eugene Dumas, Sauk County Corp. Counsel, Baraboo, Wis., for Sauk County for claim against Winn Bartz.

Anne B. Shindell, Shindell & Shindell, Milwaukee, Wis., for Big Joe Mfg. (co-counsel with Holleb & Coff)

Patricia A. Barrett, Taggart & Roy, Sauk City, Wis., Todd Becker, Coyne, Niess, Schultz & Becker, S.C., Madison, Wis., for Village of Sauk City.

## ORDER

GOODSTEIN, United States Magistrate Judge.

The complaint in this case was filed on December 18, 1990. The case was assigned to Judge Thomas Curran who shepherded it for two years until September 3, 1992 when it was reassigned to Senior Judge John Reynolds. Judge Reynolds discovered that he had a conflict of interest, and on October 14, 1992, the case was randomly reassigned to this court.

When the case arrived in this court, the names of 48 parties appeared on the varied and numerous pleadings, and the docket sheet contained 311 entries. Of immediate concern to this court (other than finding sufficient file space) was the pending motion of the defendant Teel Plastics, Inc. to refer the matter to a special mediator for settlement discussions. To facilitate this procedure, Teel Plastics and Sauk County jointly submitted a discovery agreement and proposed order which would provide, among other things, for a stand-still on discovery by deposition until November 1, 1992. This discovery agreement, to which all defendants and third-party defendants consented, also requested modification in the scheduling order entered by Judge Curran on June 8, 1992, and subsequently adopted by Judge Reynolds.

■ By letter dated October 16, 1992, this court sent a questionnaire to each party requesting that it identify its status in the case and list all parties who have filed a claim against the responding party. More importantly for purposes of the pending motion, the questionnaire asked the party whether it would be willing to participate in mediation at this time, and whether it would consent to a limited further extension of the discovery stay and a modification of the scheduling order so as to facilitate settlement proceedings. Although the court recognizes that it does not need the consent of the parties in order to initiate and compel their attendance at settlement proceedings [see, *G. Heileman Brewing Co. Inc. v. Joseph Oat Corporation*, 871 F.2d 648, 653 (7th Cir.1989)], it is preferable to proceed on the basis of a consensus when exploring settlement.

The questionnaires have been returned and the results have been tabulated. Ninety-two percent of those responding indicate a willingness to participate in mediation. The other respondents simply rejected mediation out of hand. An identical percentage responded affirmatively to staying discovery and modifying the scheduling order, but here certain qualifications were voiced based upon the length of any extension; the concern was that any extension not be unduly long and that the present trial dates remain. Questions were also raised regarding depositions now scheduled for November and discovery responses due during November.

■ This court concurs with the overwhelming majority that this case is a prime

candidate for mediation proceedings. This is a civil action brought under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) in regard to the alleged release or threatened release of hazardous substances from a property known as the Sauk County landfill. It is alleged that during a ten year period, the defendants deposited hazardous substances at this site which has since been closed. As stated earlier, numerous parties have been brought into this action and based upon some of the questionnaire responses, more parties may be on the way. The factual and legal issues are complex. With the plethora of parties and attorneys, the logistics alone of conducting discovery and holding a trial are extremely cumbersome. It is estimated that a trial to the court would last at least two weeks. This has been, and will continue to be, a very costly and time consuming case.

This district's local rule 7.12, which was enacted as part of the Civil Justice Expense and Delay Reduction Plan, adopted pursuant to the Civil Justice Reform Act, authorizes a judicial officer to invoke one of several settlement options when appropriate. Section 7.12(3) authorizes the court to refer the case "for neutral evaluation, mediation, arbitration, or some other form of alternate dispute resolution." (Emphasis added). The section goes on to provide that a referral is to be made to persons who have the requisite abilities and skills, and that the reasonable fees and expenses of such person shall be borne by the parties as directed by the court.

This court will enter an order referring the case for mediation. This order will be entered as soon as possible, but the court is still in the process of considering an appropriate person to act as a mediator and the terms and conditions under which such person shall act.

In order that the parties are able to devote their full efforts to mediation, and in order to prevent discovery costs from escalating at an exponential rate as a result of the number of claims, counterclaims and cross-claims, the entry of a discovery order along the lines jointly proposed by Sauk County and Teel Plastics is warranted. Therefore, the scheduling order of June 8, 1992 shall be modified as follows:

1. Except for the depositions currently scheduled for the month of November, 1992, there shall be no depositions conducted in this case prior to December 15, 1992. Nothing stated herein shall preclude the voluntary rescheduling of the depositions currently scheduled for November to a time after December 15, 1992.

2. All parties may continue to schedule depositions to be conducted after December 15, 1992.

3. Responses to outstanding written discovery due prior to November 1, 1992, shall be served no later than November 16, 1992.

4. All parties may serve additional written discovery prior to December 15, 1992, but the time within which to respond to this discovery shall not commence to run until December 15, 1992.

5. All requests for discovery must be served by a date which will permit all non-expert discovery to be concluded no later than February 1, 1993.

6. The terms and conditions of paragraphs 4, 5, 6 and 7 of the scheduling order of June 8, 1992 pertaining to expert witness discovery remain in full force and effect, except that the disclosure dates contained therein are modified as follows:

a) The plaintiff must disclose its expert witnesses on or before December 1, 1992.

b) The defendants, including third-party defendants, must disclose their expert witnesses on or before March 1, 1993.

c) The plaintiff may disclose additional expert witnesses no later than April 1, 1993.

d) All discovery of experts must be concluded no later than June 15, 1993.

7. The deadline for the filing of dispositive motions is June 1, 1993.

8. Paragraph 3 of the scheduling order of June 8, 1992 regarding the filing

of a joint settlement report is removed in view of the referral to mediation. As to the other dates contained in that scheduling order, the date for the final pretrial conference has been changed to September 23, 1993 at 1:30 p.m., but the dates for trial remain as previously scheduled for October 18, 1993 (position 2) and December 6, 1993 (position 1).

Accordingly, the motion of Teel Plastics, Inc. to refer this case to a special mediator for purposes of settlement is GRANTED, and the discovery agreement and proposed order submitted on behalf of Teel Plastics, Inc. and Sauk County is GRANTED with the modifications contained in this order.

SO ORDERED.